# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

    v.

JOHN M. FIFE, et al.,

               Defendants.

Case No. 1:20-cv-05227

Judge Robert M. Dow, Jr.

## DEFENDANTS' RESPONSE
## TO NOTICE OF ADDITIONAL AUTHORITY

The SEC submits as "additional authority" (Dkt. 29) a magistrate judge's recommendation that is not only three months old—but is so flawed that the Commission itself has asked the adopting court to "clarify and supplement" the order in ways that *restrict* the SEC's relief. *See* Mot. for Amendment, *SEC v. Almagarby*, No. 17-cv-62255 (S.D. Fla. Oct. 14, 2021), ECF No. 145.

As an initial matter, *Almagarby* has nothing to do with the merits of this case. At no point in *Almagarby*—at any stage of the proceedings—did anyone even make the statutory arguments at issue here. *See* Dkt. 28, at 2–3; Dkt. 23, at 19. The latest decision is no exception: it concerns only remedies.

But even on that limited score, the decision is flawed. As the defendants have already explained, the Commission's disgorgement claim fails because the agency cannot allege a causal link between an alleged registration violation and any amount sought to be disgorged. Dkt. 23, at 29–30; Dkt. 28, at 19–20. The Eleventh Circuit, where the *Almagarby* court is located, has held exactly that in a number of analogous cases. *See CFTC v. Sidoti*, 178 F.3d 1132, 1138 (11th Cir. 1999) (holding that a "failure to register . . . is not causally related to . . . ill-gotten profits," and finding no case where a "court has disgorged profits from a defendant . . . solely for failure to register"); *Alvarez v. United States*,

862 F.3d 1297, 1302 (11th Cir. 2017) ("[T]he fact of its being unregistered would have had no effect on plaintiffs. . . . Plaintiffs' injuries flow from [substantive violations] . . . not because [anything] [was] unregistered."). Yet *Almagarby*—in one paragraph of analysis—does not cite, address, or even acknowledge these authorities (or their reasoning). *See* Dkt. 29-1, at 7.

*Almagarby* is no better on *Liu v. SEC*, 140 S. Ct. 1936 (2020). *Liu* holds that given the "equitable nature" of disgorgement, the agency must seek to return disgorged funds "to wronged investors." *Id.* at 1948. But, again, there are no wronged investors in this context. Dkt. 23, at 30; Dkt. 28, at 20. That is why *Almagarby* does not even purport to find wronged investors—it almost says the opposite. *See* Dkt. 29-1, at 7 (claiming that the SEC does not need to "identify" or "return[ ]" funds to "specific victims," or even be in a position where it "could" do so). The SEC itself seems to recognize this flaw. In what must be a first, the agency asks the court to "revise[ ]" the judgment to order the SEC *not* to use disgorged funds—at least until it can find the "harmed investors" that the *Almagarby* decision it submits here says it doesn't need to find. Mot. for Amendment 2–3, *Almagarby*, No. 17-cv-62255.

Dated:  November 9, 2021

Michael J. Diver
Elliott M. Bacon
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200
michael.diver@katten.com

Respectfully submitted,

*/s/ Helgi C. Walker*

Helgi C. Walker*
Brian A. Richman*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8500
hwalker@gibsondunn.com

Barry Goldsmith*
M. Jonathan Seibald*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-2440
bgoldsmith@gibsondunn.com

---

*\* pro hac vice*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2021, I electronically filed a copy of the foregoing Response to Notice of Additional Authority through the Court's CM/ECF System, which will send notifications of the filing to all counsel of record.

*/s/ Elliott M. Bacon*