IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN M. FIFE, CHICAGO VENTURE PARTNERS, L.P., ILIAD RESEARCH AND TRADING, L.P., ST. GEORGE INVESTMENTS LLC, TONAQUINT, INC., AND TYPENEX CO-INVESTMENT, LLC, <br><br> Defendants. | Civil Action No. 1:20-cv-05227 <br><br> Honorable Robert M. Dow, Jr. |

### INTERIM JOINT STATUS REPORT

Pursuant to this Court's Order dated January 31, 2022 (*see* Dkt. No. 37), Plaintiff United States Securities and Exchange Commission ("SEC") and Defendants John M. Fife, Chicago Venture Partners, L.P., Iliad Research and Trading, L.P., St. George Investments LLC, Tonaquint, Inc., and Typenex Co-Investment, LLC (collectively, "Defendants," and together with the SEC, the "Parties") respectfully submit this Interim Joint Status Report on the progress of fact discovery. The Parties state as follows:

**A. Description of Claims and Relief Sought**

This case concerns the meaning of "dealer" under Section 15(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a). The Exchange Act defines "broker" and "dealer" as, respectively, any person "engaged in the business of effecting transactions in securities for the account of others," *id.* § 78c(a)(4)(A), and any person "engaged in the business of buying and selling securities … for such person's own account," *id.* § 78c(a)(5)(A). In a one-count complaint

(Dkt. No. 1), the SEC alleges that Defendants violated Section 15(a)(1) by operating as "dealers" without registering with the SEC. The SEC alleges that Defendants were "dealers" because they would "buy convertible notes" and (after converting the notes to stock) "sell that stock" as part of a "regular business." Dkt. No. 1 ¶ 17. The Defendants argue, in contrast, that they were not dealers, because the Exchange Act's definitions of "broker" and dealer" employed language that, in 1934, was widely understood to refer to the two different methods of effectuating customer orders—and not to literally any business that bought and sold securities.

Defendants raise a number of other defenses. *See* Dkt. No. 36. Among other things, Defendants argue that: (1) the SEC's enforcement action violates the Due Process Clause because, given the regulatory history, the Defendants lacked fair notice that their conduct was supposedly prohibited; (2) the SEC's enforcement action violates the equal protection component of the Fifth Amendment because the SEC is arbitrarily and irrationally treating Defendants differently from other market participants (such as hedge funds); (3) the SEC lacks authority to bring this enforcement action because the Commissioners who authorized this action are unconstitutionally insulated from the President's oversight; and (4) Defendants cannot constitutionally be required to register as "dealers" because such registration would automatically subject Defendants to the jurisdiction of the Securities Investors Protection Corporation, an organization whose leadership is (according to Defendants) not appointed in conformity with the Constitution's Appointment Clause.

B. **Discovery Schedule and Progress**

Pursuant to this Court's Order dated January 31, 2022 (*see* Dkt. No. 37), the Parties exchanged Rule 26(a)(1) disclosures on March 4, 2022, and fact discovery commenced on March

7, 2022 and is scheduled to be completed by December 16, 2022. The Court deferred setting expert and dispositive motion deadlines until the completion of fact discovery.

Discovery is well underway. Before filing this action, the SEC conducted an investigation. As part of that investigation, Defendants produced more than 500,000 pages of documents to the SEC. In March and April 2022, the Parties sought additional information and served their first sets of requests for production of documents, admissions, and interrogatories. In April, May and June 2022, the Parties served their responses and objections to the first set of discovery requests. To date, the SEC has produced its investigative file, and Defendants have produced more than 16,000 pages of documents. This is in addition to the more than 500,000 pages produced during the investigation. Defendants' production includes the transaction documents associated with all convertible debt transactions in which Defendants engaged from 2015 to present. The Parties are continuing to search for, review, and produce documents on a rolling basis.

The Parties are also meeting and conferring in an attempt to resolve disputes about the scope of discovery without Court intervention. The Parties have exchanged correspondence regarding their respective objections and responses and met and conferred on July 19, 2022. The Parties agreed to reevaluate various responses and objections in light of the Parties' discussion and plan to meet and confer again in early August 2022.

Dated: July 29, 2022                        Respectfully submitted,

                                               /s/ Eric M. Phillips

Eric M. Phillips
Jaclyn J. Janssen
United States Securities and Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604
(312) 353-7390

*Counsel for the SEC*

                                               /s/ Barry Goldsmith

Helgi C. Walker*
Brian A. Richman*
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8500

Barry Goldsmith*
M. Jonathan Seibald*
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-2440

Michael J. Diver
Elliott M. Bacon
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200

*Counsel for Defendants*

\* *pro hac vice*

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on July 29, 2022, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to the following counsel of record:

Helgi C. Walker
Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave. NW
Washington, DC 20036
Email: hwalker@gibsondunn.com

Barry Goldsmith
M. Jonathan Seibald
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Email: bgoldsmith@gibsondunn.com

Michael J. Diver
Elliott M. Bacon
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Email: Michael.diver@kattenlaw.com

*Counsel for Defendants*

Eric M. Phillips
Jaclyn J. Janssen
United States Securities and Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604
(312) 353-7390

*Counsel for the SEC*

                                                  /s/ Barry Goldsmith
                                                  Barry Goldsmith